Ramón López Ramírez de Arellano, Bruno y Vázquez, R. Lloveras Soler, The Porto Rico Theatrical Corporation, Francisco Rodríguez, García & Rahola, Pedro Gelabert, Compañía General de Cines y Espectáculos, Ramón Tembleg, Crosas & Co., Juan Sierra, Vallecillo Hermanos y Miguel Portell, peticionarios y apelantes, *v.* Regalado Benítez Castaño, en su carácter de Comisionado Municipal de Hacienda de la Ciudad de San Juan, P. R., demandado y apelado.

No. 3494.—*Visto:* Mayo 6, 1925. *Resuelto:* Julio 24, 1925.

1. Apelación y Error—Revisión—Discreción de la Corte Inferior—Costas y Honorarios de Abogados.—Si bien las cuestiones relativas a que la corte inferior abusó de su discreción al conceder honorarios de abogado y al imponer el pago de' ellos sin existir temeridad se levantan demasiado tarde cuando se suscitan por vez primera en apelación contra resolución aprobando un *memorandum;* sin embargo, en apelación contra dicha resolución cabe discutir el grado de dicha temeridad a los efectos de fijar la cuantía de los honorarios, pués la discreción de la corte es continua. (*Castro v. Societé Anonyme des Sucreries de St. Jean,* 34: 575, seguido.)

2. Apelación y Error—Señalamientos de Error—Cuestiones Levantadas en Ellos—Investigación por el Supremo.—Corresponde a los apelantes esta-

blecer ante el Tribunal Supremo la solidez de las proposiciones sometidas como razones para una pretendida revocación; al Tribunal Supremo no incumbe investigar cuestiones levantadas en los señalamientos de error y que se alegan sostenidas por principios que se encuentran en digestos, enciclopedias, etc., cuando nada indique que se han examinado los casos donde el principio así sugerido fué formulado.

3. COSTAS—CUANTÍA, TASACIÓN Y PARTIDAS—HONORARIOS DE ABOGADO Y FIJACIÓN DE LA CUANTÍA—PAGO PREVIO COMO CONDICIÓN PRECEDENTE A SU CONCESIÓN.— La ley no exige, como condición precedente a la concesión de honorarios do abogado, que se demuestre que una parte ha pagado o es responsable de tales honorarios.

4. APELACIÓN Y ERROR—REVISIÓN—DISCRECIÓN DE LA CORTE INFERIOR—HONORARIOS DE ABOGADO.—Considerada la cantidad concedida por la corte inferior como honorarios—$800—, *se resolvió:* que si bien era un cálculo razonable del valor de los servicios, sin embargo, dentro de las circunstancias concurrentes del caso, debía reducirse en $300, y el remanente adjudicarse por ser justo y razonable.

ORDEN de *Charles E. Foote,* J. (Primer Distrito, San Juan), aprobando memorándum de costas. *Modificada.*

*Guerra-Mondragón & Soldevila,* abogados de los apelantes; *R. Martínez Nadal,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Apelan los peticionarios de una orden aprobando un memorándum de costas, después de celebrada una vista impugnando dicho memorándum, y alegan que:

"1. La Corte de Distrito erró y cometió abuso de discreción al conceder honorarios de abogado en este caso, donde las cuestiones planteadas eran nuevas y se resolvían por vez primera.

"2. La Corte de Distrito erró y cometió abuso de discreción al imponer el pago de honorarios de abogado en contra de los apelantes sin éstos ser culpables de temeridad por la interposición de la acción.

"3. La Corte de Distrito erró al aprobar una partida de honorarios de abogado no obstante el hecho admitido de no haberse pagado ni tenerse que pagar compensación alguna por la parte demandada a su letrado.

"4. La Corte de Distrito erró, aun cuando hubiera derecho a la concesión de honorarios de abogado, al señalar la cantidad de $800 en tal concepto, por ser excesiva, irrazonable y crecida la mencionada suma."

[1, 2] La sentencia que sirvió de fundamento al memorándum fué confirmada por este Tribunal en junio 25, 1924, *López Ramírez v. Benítez Castaño,* (33 D.P.R.).

Las cuestiones sugeridas en los tres primeros señalamientos de error se formulan, por tanto, demasiado tarde cuando se suscitan por primera vez en apelación contra una orden aprobando un memorándum de costas.

La doctrina hasta ahora establecida en este sentido, sin embargo, excluye solamente la cuestión que realmente se resuelve por la sentencia, o sea, si deben concederse o nó las costas, con o sin honorarios de abogado. Esto no quiere decir que la corte al resolver esta cuestión ha agotado la discreción así ejercitada. (*Castro* v. *Societé Anonyme des Sucreries de Saint Jean,* de julio 24, 1925, pág. 575.)

Mencionamos esto, de paso, porque los apelantes al discutir el cuarto señalamiento se fundan en cierto sentido en el mismo razonamiento antes aducido en apoyo de las proposiciones contenidas en los anteriores señalamientos. Y toda vez que la discreción ejercitada al conceder las costas al tiempo de dictarse sentencia es una discreción continua, el procedimiento adoptado por los apelantes no sólo es permisible sino también lógico, compatible y, con sujeción a las limitaciones que más adelante se indican, es correcto.

El tercer señalamiento podría resolverse por otros fundamentos, sin decidir sobre sus méritos intrínsecos en lo que concierne a la concesión de por lo menos de una cantidad nominal por honorarios.

Los apelantes citan en relación con esto el tomo 15 de Corpus Juris, págs. 179 y 117, secciones 434 y 254. Los abogados de los apelantes se limitan a citar de la parte principal de la referida autoridad, y dentro de las circunstancias no tenemos que dedicarnos a iniciativa propia en determinar si los casos relacionados en las notas finales a la sección 434 envuelven o nó honorarios de abogado, o si los casos canadienses en los cuales parece fundarse la sección 254,

fueron o nó resueltos con arreglo a un estatuto semejante al nuestro.

Como hasta ahora frecuentemente se ha indicado es el deber de los apelantes establecer la solidez de las proposiciones sometidas como razones para una pretendida revocación y esta corte no dispone de tiempo alguno, ni le incumbe investigar cuestiones que son más o menos dudosas, levantadas en los señalamientos de error, y que se alega están sostenidas por principios abstractos que se encuentran en cierto digesto, enciclopedia o compilación, pero sin que nada indique que los abogados han examinado los casos donde la regla así sugerida fué formulada.

[3] El texto de nuestros estatutos (Art. 327 del Cód. de Enj. Civil) parece ser perfectamente claro y suficientemente comprensivo.   Dice así (bastardilla nuestra):

"*En todos los casos* en que se hayan concedido a una parte las costas en una acción o procedimiento en la corte de distrito, dicha parte, a discreción de la corte de distrito, tendrá derecho a recibir de la parte vencida, *una cantidad que represente el valor* de los servicios de su abogado o una parte de dicha cantidad; . . . ."

Por medio de un disponiéndose la legislatura procede entonces a excluir de la clase de casos así expecificados aquellos en los cuales el demandado "no hubiere radicado su comparecencia," pero no se hace ninguna mención de los casos en donde no se demuestra que cualquiera de las partes ha pagado, o es responsable de tales honorarios de abogado.

Pero aun cuando una verdadera cuenta y una responsabilidad existente fuera una condición precedente a la concesión de honorarios de abogado, sin embargo, en el caso presente los servicios prestados no eran gratuitos.   La acción se siguió contra el demandado en su carácter oficial de comisionado municipal de hacienda.   Entre los deberes impuestos al abogado del municipio estaba el de defender a los funcionarios municipales cuando así fueran demandados y por

este y otros servicios profesionales recibía un sueldo de $2,400 por año. Además, como aparece suficientemente de la opinión en el caso de *López Ramírez de Arellano* v. *Benítez Castaño, Comisionado Municipal de Hacienda, supra,* el municipio era la parte realmente interesada y para todos los fines prácticos el verdadero demandado. Cualesquiera honorarios de abogado que correspondieran al supuesto demandado en concepto de costas, es de presumirse que no quedarían en su poder, y su último destino es una cuestión en la cual el apelante no necesita tener ningún interés.

[4] Nos inclinamos a convenir con el apelante en que la cantidad concedida por la corte inferior es algo más de lo que podría estimarse como una suma justa y razonable, teniendo todo en cuenta, especialmente debido a las circunstancias indicadas en los señalamientos primero y segundo.

Sin embargo, se admitió en la vista en la corte inferior que las rentas envueltas ascenderían a unos $8,000 ó $10,000, y el razonamiento para sostener el primero y segundo señalamientos tiende a la conclusión de que las cuestiones legales no eran menos nuevas, complicadas y difíciles desde el punto de vista del municipio que del sustentado por los peticionarios. Sin duda que la partida de $1,000 reclamada por el demandado y rebajada a $800 por la corte inferior, era un cálculo muy razonable del valor de los servicios prestados por el abogado del demandado.

Dentro de las circunstancias estamos persuadidos de que otra rebaja de $300 y una adjudicación de la cantidad restante estaría más en armonía con el tipo doble y método elástico de medida prescrito por la ley con el fin de cumplir los requisitos de la justicia sustancial de conformidad con las circunstancias de cada caso en particular.

*Debe modificarse la orden apelada de conformidad con estos principios, y así modificada, confirmarse.*

Los Jueces Asociados Señores Aldrey y Franco Soto, disintieron.