GUARDIOLA, DEMANDANTE Y APELANTE, *v.* COMPAÑÍA AZUCARERA DEL TOA ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Distrito Segundo, en pleito sobre tercería de bienes muebles (memorándum de costas).

No. 2541.—Resuelto en marzo 15, 1923.

MEMORÁNDUM DE COSTAS—HONORARIOS DE ABOGADO—TRANSCRIPCIÓN.—Dictada sentencia en pleito de tercería contra la demandada, demandante en el pleito original, condenándola al pago de costas, radicó el tercerista su memorándum de costas incluyendo en él una partida por honorarios de abogado; impugnado éste por la demandada en tercería, procedió la corte a corregir su sentencia adicionándola en el sentido de excluir los honorarios de abogado. El tercerista apeló. *Se resolvió:* que teniendo la corte sentenciadora amplia discreción en materia de costas y no habiendo el apelante hecho formar parte de la transcripción la prueba que tuvo ante sí el juez de la corte inferior, el tribunal de apelación no está en condiciones de resolver si dicho juez abusó o no de su discreción al excluir dicha partida por honorarios de abogado.

Los hechos están expresados en la opinión.

Abogados de los apelados: *Sres. Soto Gras & Siaca.*

Abogado del apelante: *Sr. E. Campillo.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En este caso fué dictada sentencia declarando al apelante dueño de un auto guagua embargado por la. Compañía Azucarera del Toa como de la propiedad de Félix Escudero.

La sentencia que fué redactada por el abogado del ter-

cerista contenía un pronunciamiento relativo a costas las cuales habían de ser satisfechas por la demandante en la acción original.

Después de una vista de un memorándum que incluía honorarios de abogado que fueron impugnados por la citada compañía, la corte inferior enmendó su sentencia en el sentido de excluir los honorarios de abogado, y aprobó las demás partidas.

El apelante se funda principalmente en el artículo 328 del Código de Enjuiciamiento Civil en relación con los artículos 327, 330, 331 y 339 del referido Código, e insiste en un derecho absoluto a las costas, incluyendo honorarios de abogado como cosa corriente.

Pero esta cuestión fué resuelta en sentido adverso a la pretensión del apelante mucho tiempo antes de la fecha de la resolución que se impugna, en el caso de *Zorrilla* v. *Orestes, et al.*, 28 D. P. R. 746, y observada en el de *Candal et al.* v. *Vargas, et al.*, 29 D. P. R. 648. El criterio allí sustentado fué en substancia que el artículo 328 había sido derogado; que las costas en todos los casos, incluyendo los procedimientos especiales serán o no concedidas a discreción de la corte sentenciadora; y que las costas como cosa corriente están ahora en desuso en esta jurisdicción. En el primero de los dos casos a que se acaba de hacer mención se citan en totalidad los artículos 327, 328, 330, 331 y 339, *supra.*

Estamos enteramente de acuerdo con el apelante en que las circunstancias que aparecen de la faz de los autos sin otra cosa, establecerían un claro derecho a recobrar honorarios de abogado, y de ser completa la transcripción, podrían justificar una revocación. Pero en los autos se dice que el tercerista presentó prueba tanto documental como testifical en apoyo de su contención y no se incluyó en la transcripción ninguna exposición del caso. También es cierto que la compañía demandada no alegó ninguna defensa afirmativa en justificación o excusa, y no presentó

ninguna prueba en la vista del memorándum. Pero el juez sentenciador tiene una discreción muy amplia en cuestiones como ésta, y existe una fuerte presunción en favor de la corrección a que llegó la corte inferior. Alguna razón satisfactoria que pueda justificar la incautación de la propiedad del apelante por la demandante en la acción original puede haber surgido del interrogatorio de repreguntas de los testigos del tercerista, o de algún otro modo incidental, durante la vista; por virtud de los autos en fragmentos que se encuentran ante nos, no podemos declarar que la corte inferior abusara de su discreción.

Debe confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Franco Soto.