GOFFINET ET AL., DEMANDANTES Y APELANTES, *v.* POLANCO ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre devolución de frutos y liquidación de cuentas.

No. 2929.—Resuelto en marzo 26, 1924.

DAÑOS Y PERJUICIOS—CAUSA DE ACCIÓN.—Los acreedores de un crédito hipotecario que a causa de no haber hecho una exposición fiel de los hechos en la demanda de ejecución fueron condenados en pleito ordinario a pagar daños y perjuicios al deudor hipotecario, no pueden repetir contra los compradores de la finca el importe de la condena de daños y perjuicios bajo la alegación de que ellos tenían conocimiento de las causas de nulidad del ejecutivo y que en combinación con el deudor compraron la finca con el propósito de enriquecerse.

ID.—COSTAS—TEMERIDAD.—Cuando no puede concluirse que la mala fe o la temeridad guiaron a la parte demandante a presentar la demanda, aunque sus pretensiones se desestimen totalmente, la condena de costas es improcedente.

Los hechos están expresados en la opinión.
Abogado de los apelantes: *Sr. H. G. Molina.*

Abogados de los apelados: *Sres. Sarmiento* y *Puig.*

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

Esta es una apelación de una sentencia desestimando la demanda con costas por falta de causa de acción.

Los demandantes, dueños de un crédito hipotecario, utilizaron el procedimiento sumario para su ejecución, y la finca objeto del gravamen·fue subastada y adjudicada a los demandados.

Más luego el deudor presentó demanda ordinaria solicitando la nulidad del procedimiento especial hipotecario y para que además se le indemnizara de los daños y perjuicios sufridos con motivo de la venta de la finca hipotecada. La demanda fue declarada con lugar en la corte inferior y confirmada por esta Corte Suprema en la apelación que sostuvieron los apelantes.   29 D. P. R. 120.

La indemnización concedida alcanzó a la suma de $9,930, cuya suma representaba los frutos que había dejado de percibir el deudor durante el tiempo que fue desposeído de su finca, alegando sin embargo los apelantes que los demandados conocían los vicios de nulidad del procedimiento sumario y a pesar de tal conocimiento, en combinación con el dueño de la finca hipotecada, remataron y compraron dicha finca con el propósito de enriquecerse.

Partiendo de estos antecedentes los apelantes piden que los demandados rindan cuenta de los frutos percibidos desde que ocuparon la finca ilegalmente y el saldo que arroje dicha cuenta abonarlo a la suma de $19,202, que es el precio que los demandados pagaron por la finca, y el cual retenían los apelantes.

La razón que tuvo la corte inferior para dictar su sentencia descansa en que los apelantes no habían sido dueños o disfrutado en modo alguno de la finca ni tampoco habían sustituído en sus derechos al ejecutado en el procedimiento hipotecario.

El fundamento de la corte inferior fué correcto.

Es cierto que en la opinión de esta corte (29 D. P. R. 120) se dice que a los apelantes no les podía ocasionar gran inconveniente cumplir la sentencia que les condenó a indemnizar daños y perjuicios por tener en su poder el precio de la venta montante a más del doble del importe de aquella sin perjuicio de cualquier reclamación que puedan tener dichos apelantes para ser subrogados y reintegrados; pero esta es una declaración incidental que no establece derecho alguno a favor de los demandantes.

No creemos necesario examinar las razones que tuvo la ley para establecer que el acreedor que acude al procedimiento especial hipotecario queda sujeto a indemnizar daños y perjuicios al deudor o terceros interesados por malicia o negligencia en la fiel exposición de los hechos, artículo 109 del reglamento de la Ley Hipotecaria, toda vez que a este precepto obedece el lenguaje que emplea esta corte en el caso *supra,* página 140, diciendo:

"El acreedor hipotecario que prefiere ejercitar su derecho a este remedio drástico, debe tener cuidado de cumplir con los requisitos prescritos que en cierto modo protegen al deudor hipotecario contra el abuso intencional o negligente de tal derecho; o de otro modo estar preparado para afrontar la obligación impuéstale por la ley y que por necesidad ha asumido expresamente en la solicitud para la ejecución de la hipoteca, en el caso de no hacerse 'una verdadera exposición de los hechos y de las circunstancias que el juez debe tomar en consideración al autorizar el establecimiento de los procedimientos y seguir adelante con ellos.'"

Y en cuanto a los hechos esta corte continúa en su opinión, página 143, diciendo:

"Los apelantes no citan ninguna autoridad sobre esta cuestión que no sea el principio general de que 'no puede haber indemnización por pérdidas que pudieran haberse evitado mediante razonables esfuerzos por parte de la persona perjudicada.' La cita de este principio no está favorecida por los acreedores hipoteca-

rios, quienes, con el fin de aprovecharse del procedimiento sumario de la Ley Hipotecaria y de la incapacidad del deudor hipotecario según los preceptos terminantes de esa Ley para poder impugnar la veracidad de las alegaciones jurisdiccionales han recurrido a la medida de tergiversar deliberadamente los hechos en la corte lo que equivalía a un fraude.''

El principio de que todo el que reclama equidad debe presentarse con las manos limpias, sería de aplicación en este caso, y si los demandantes en el procedimiento hipotecario no hicieron una exposición fiel de los hechos y que la misma fue maliciosa, equivalente a un fin fraudulento, no vemos la manera como ellos pudieran repetir de los compradores de la finca la condena que les impuso la ley por daños y perjuicios cuando los apelantes no han sido dueños de la finca y más bien se trata de una penalidad por actos maliciosos o negligentes. Pudiera ser que otras hubieran sido las circunstancias del caso y bajo este punto era acaso posible imaginar que los apelantes pudieran subrogarse en los derechos del dueño.

Tal vez la declaración incidental a que hemos hecho mención y en la que se apoyan los apelantes, puede atenuar las consecuencias de la sentencia en cuanto al pronunciamiento de costas. No podemos decir, por tanto, que los apelantes estaban desprovistos de alguna razón, aunque aparente, y si bien sus pretensiones fueron totalmente desestimadas, no puede sostenerse que la falta de buena fe o la temeridad les guiaba al presentar y sostener el presente pleito.

Por lo expuesto la sentencia debe confirmarse con excepción de las costas.

> *Confirmada la sentencia apelada, menos en costas.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.