CANTERO FERNÁNDEZ & Co., INC., en Sindicatura, demandante y apelado, *v.* GERARDO BALDRICH CORREA, demandante y apelante.

No. 6835.—*Sometido:* Enero 15, 1936. *Resuelto:* Enero 23, 1936.

*Carlos del Toro Fernández,* abogado del apelante; *Besosa & Besosa,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Eugenio Fernández, síndico de Cantero Fernández & Co., Inc., promovió demanda a nombre de dicha corporación en cobro de dinero contra Gerardo Baldrich Correa. En la referida demanda se alega lo siguiente:

"Qué allá para marzo de 1929 la Sra. doña Mercedes de la Torre tenía una cuenta corriente con la corporación Cantero Fernández & Co., Inc., en cuya fecha era empleado de la corporación demandante en este caso el demandado Gerardo Baldrich Correa.

"Que allá para esa misma fecha el demandado en este caso compró una casa a la señora doña Mercedes de la Torre, debiendo hacer un pago a dicha señora de $935.

"Que como parte de ese pago de $935 quedó convenido entre la corporación demandante, Cantero Fernandez & Co., Inc., y el demandado Gerardo Baldrich Correa, y la señora doña Mercedes de la Torre, que la corporación demandante abonaría la suma de $600 a la cuenta corriente de la señora Mercedes de la Torre con la de-

mandante en este caso, Cantero Fernández & Co., Inc., y el demandado Gerardo Baldrich Correa entregaría a dicha señora recibo de $600 como parte del efectivo de $935 del producto de la cantidad que debía pagar el demandado, Gerardo Baldrich Correa, en la compra de dicha casa, y cargándosele en cuenta dicha suma de $600 al demandado, Gerardo Baldrich Correa, por la corporación Cantero Fernández & Co., Inc.

"Que dicha transacción se llevó a efecto y a la señora doña Mercedes de la Torre le fué abonada a su cuenta la suma de $600 que le fué cargada en cuenta por la corporación demandante al demandado Gerardo Baldrich Correa, quien debía pagar dicha deuda a la corporación demandante en pagos parciales.

"Que el demandado Gerardo Baldrich Correa ·nunca ha hecho abono alguno a la citada cuenta de $600, no obstante los múltiples requerimientos de la demandante, Cantero Fernández & Co., Inc., al demandado Gerardo Baldrich Correa para el pago de dicha cantidad.

"Que ni el demandado ni persona alguna por él, ha pagado dicha cantidad de $600 ni parte de la misma a la demandante en este caso."

Gerardo Baldrich Correa, que fué la parte emplazada por el márshal, presentó una moción eliminatoria a la demanda, la cual fué declarada sin lugar. Luego contestó dicha demanda, negando específicamente los hechos esenciales contenidos en la misma.

Establecida así la controversia, el día señalado para juicio, al comenzarse a practicar la prueba, advirtió la parte demandante que no era el demandado, sino su hijo, la persona contra quien debía dirigirse la causa de acción ejercitada. Cuando declaraba la Sra. Mercedes de la Torre, se ofreció como prueba una carta firmada por dicha señora, dirigida a los Sres. Cantero Fernández & Co., Inc. El demandado, Gerardo Baldrich Correa, se opuso a la admisión de dicha carta por referirse a un Gerardo Baldrich, sin demostrarse que ese Gerardo Baldrich fuese el mismo Gerardo Baldrich y Correa demandado en este pleito. Compareció ante la corte este último señor a petición de su abogado, para ser identificado por la Sra. Mercedes de la Torre, quien declaró

que no era la persona relacionada con la transacción. Señaló entonces el demandante al Sr. Gerardo Baldrich y Gómez, que se hallaba en el tribunal, siendo identificado por la Sra. de la Torre como la persona con quien hizo la transacción. Según la prueba este último señor resulta ser hijo de Gerardo Baldrich y Correa. El márshal que diligenció el emplazamiento declaró que notificó a Baldrich padre y no al hijo. La demandante solicitó la suspensión del juicio y pidió autorización para enmendar su demanda en el sentido de dirigirla contra Baldrich hijo, alegando que ésa fué su intención desde un principio y que se demandó al padre por error. La corte de distrito declaró sin lugar la demanda, por entender que la misma no era susceptible de enmienda, absolviendo a la demandante del pago de las costas incurridas por el demandado. Este último pronunciamiento es la base del presente recurso de apelación. Se alega que la corte inferior cometió error al dictar su sentencia sin especial condenación de costas. El tribunal *a quo* basa su fallo en que no hubo temeridad de parte de la demandante y en que el demandado no actuó en la forma en que debió hacerlo, advirtiendo a la demandante del error en que había incurrido, evitando así gastos y costas de su parte.

Hemos resuelto en repetidas decisiones que la imposición de costas es una cuestión que descansa en la sana discreción del tribunal juzgador. Esta discreción no puede ser arbitraria y debe ejercitarse juiciosamente teniendo en cuenta el grado de culpa, si la hubiere, de la parte perdidosa. En *Goffinet* v. *Polanco,* 32 D.P.R. 907, se revocó el pronunciamiento sobre costas impuestas a los demandantes por haberse demostrado que los mismos no actuaron de mala fe o con temeridad. En el presente caso la parte apelada demandó por equivocación al padre, cuando su propósito fué ejercitar su acción contra el hijo. Ambos familiares tienen el nombre de Gerardo Baldrich, distinguiéndose solamente por el apellido materno. No hay duda de que no hubo temeridad ni mala fe de parte de la demandante. Sin embargo, la ausencia

de temeridad o mala fe no es el único factor a considerar cuando se demanda a una persona completamente ajena a la acción ejercitada. Ordinariamente la parte que así actúa debe sufrir las consecuencias de sus propios actos, indemnizando a un tercero inocente, equivocadamente demandado, de las costas que haya podido ocasionarle con motivo de su error. En este caso, sin embargo, concurren circunstancias que no pueden pasar inadvertidas por nosotros al considerar el fallo del tribunal inferior. El padre demandado no muestra sorpresa porque se le exija el cumplimiento de una obligación que no ha contraído. No acude inmediatamente a la corte para adoptar la actitud de una persona inocentemente sometida a una tribulación judicial. Por el contrario, presenta una moción dilatoria, solicitando la eliminación del hecho cuarto de la demanda, por ser inmaterial e impertinente de acuerdo con el artículo 123 del Código de Enjuiciamiento Civil. Y el hecho cuya eliminación se solicita dice así: "Que el demandado en este caso, Gerardo Baldrich Correa, es mayor de edad y vecino de San Juan, Puerto Rico." La alegación mencionada, aun en el supuesto de que fuese superflua, es tan trivial e inofensiva que no se explica que solicite su eliminación, dilatando innecesariamente los procedimientos, una parte que ha sido injusta y viciosamente demandada. Luego el padre demandado ofrece una contestación hábilmente elaborada, en la cual niega por información y creencia que para marzo del año 1929 u otra fecha doña Mercedes de la Torre tuviera cuenta alguna con Cantero Fernández & Co., Inc., y niega también de propio conocimiento que el demandado haya sido jamás empleado de Cantero Fernández & Co., Inc. Niega que en marzo de 1929 o en otra fecha hubiera comprado una casa u otra propiedad u objeto alguno a doña Mercedes de la Torre, y que tuviera que hacer a ésta pago alguno por ese u otro concepto, y niega que conviniese con la corporación demandante y doña Mercedes de la Torre que aquélla abonase a ésta la suma de $600 ni ninguna otra en su cuenta corriente por ningún motivo y que se car-

gasen tales $600 al demandado que comparece. La demanda, que no aparece jurada, fué objeto de una negación específica. El demandado, que pudo negar lisa y llanamente los hechos alegados en la demanda, con los cuales no tuvo conexión alguna, prefirió redactar una contestación específica en la cual empieza negando que doña Mercedes de la Torre tuviera cuenta alguna con Cantero, Fernández & Co., Inc. En el momento de la celebración del juicio se hallaban presentes en la corte padre e hijo. Ambos fueron traídos a presencia de la señora de la Torre, quien indentificó al segundo como la persona con quien celebró las transacciones relacionadas con ella que se alegan en la demanda. Es raro que el hijo aparezca en la corte en compañía del padre en el mismo instante en que va a celebrarse la vista de la causa, y es raro también que el padre no tuviese conocimiento de que las alegaciones de la demanda sobre la compra de la casa y pago parcial de la misma se referían a transacciones llevadas a cabo por la señora de la Torre y Cantero Fernández & Co., Inc., con su referido hijo. Tres meses y pico transcurrieron desde que se inició la acción hasta la fecha en que se celebró el juicio, sin que el error cometido hubiese sido descubierto. Estas circunstancias no acusan buena fe ni demuestran sana intención de parte del demandado. En estas condiciones no podemos decir que la corte inferior estuviese desacertada al dictar su sentencia sin especial condenación de costas, en el ejercicio de sus facultades discrecionales.

*Debe confirmarse la sentencia apelada.*