Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| EDUARDO M. JOGLAR CASTILLO<br><br>Recurrida<br><br>V.<br><br>LUIZ A. PENNA; GERALD A. TORRES; AWCI, LLC<br><br>Peticionaria | KLCE202301203 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: K AC2013-0185 (504)<br><br>Sobre: SENTENCIA DECLARATORIA |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de diciembre de 2023.

Los peticionarios, Luis A. Penna, Gerald A. Torres y AWCI LLC (en adelante parte peticionaria), comparecen el 30 de octubre de 2023 ante este Tribunal mediante un recurso de *certiorari*. En este nos solicitan que revisemos la sentencia emitida el 26 de septiembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de San Juan, donde les ordenó pagar de forma solidaria los intereses pre-sentencia y los honorarios de abogados. El recurrido, Eduardo M. Joglar Castillo (en adelante, Joglar-Castillo, o recurrido) presentó su oposición al recurso el 9 de noviembre de 2023.

Con el beneficio de la comparecencia y por los fundamentos que se exponen a continuación, expedimos el auto y confirmamos el dictamen recurrido.

Queremos destacar que el presente litigio ha sido objeto de múltiples reclamaciones judiciales, con un tracto procesal sumamente prolongado. No obstante, nos limitaremos a la controversia que nos atañe.

**I.**

Los hechos procesales pertinentes para resolver este recurso son los siguientes.

El 14 de marzo de 2013, el recurrido presentó una demanda contra los peticionarios en la que solicitó la liquidación de sus intereses en la corporación de responsabilidad limitada AWCI. El señor Joglar Castillo hizo las alegaciones siguientes. Él y los señores Penna y Torres crearon la compañía AWCI y la registraron en el estado de Delaware. El 11 de marzo de 2013 informó a los peticionarios su renuncia por escrito, solicitó la disolución de la compañía y la liquidación de los activos, conforme a lo acuerdos suscritos en el acuerdo operacional.

Luis A. Penna, Gerald A. Torres y AWCI, LLC contestaron la demanda. Los peticionarios alegaron que el recurrido no tenía derecho a la liquidación, porque para eso era necesario que ocurriera la liquidación de AWCI y que los miembros remanentes no continuaran con su operación. Los señores Torres y Penna presentaron una reconvención por una alegada transferencia ilícita de fondos.

Merrill Lynch compareció al pleito *motu proprio,* como el Administrador de las cuentas de AWCI y solicitó autorización para depositar los fondos de la compañía. El TPI autorizó el depósito y consignó un cheque por $2,704,887.32.

El 29 de mayo de 2014, el Tribunal de Primera Instancia, (en adelante TPI), dictó una Sentencia Parcial en la que declaró NO HA LUGAR la petición del recurrido. El foro de primera instancia concluyó que AWCI no tenía que liquidar la participación del recurrido, porque el resto de sus miembros continuaron la operación de la compañía.

No obstante, el 30 de junio de 2015, el Tribunal de Apelaciones revocó esa decisión y reconoció el derecho del recurrido

a recibir la liquidación que le corresponde, a partir de su renuncia.[1] El caso fue devuelto al TPI para que continuara los procedimientos y liquidara la participación del recurrido en AWCI.

Sin embargo, AWCI solicitó autorización para presentar una reconvención, porque alegó que el recurrido indujo a Merrill Lynch a congelar la totalidad de sus fondos. El Tribunal de Primera Instancia autorizó la reconvención.

El 14 de septiembre de 2017, el TPI ordenó el desembolso a AWCI del 66.6% equivalente a $1,710,381.30, pero retuvo el depósito del 33.34% equivalente a los $994,506.02 que corresponden a la participación del recurrido. El tribunal ordenó la retención, para responder en caso de que procediera la reconvención.

El 11 de diciembre de 2017, el recurrido presentó una *Moción sobre Ejecución de Sentencia*, en la que cuestionó la jurisdicción del TPI para aplazar la liquidación de su participación. El señor Joglar Castillo solicitó la liquidación inmediata y alegó que el mecanismo apropiado para garantizar la reconvención era el embargo en aseguramiento de sentencia.

El TPI declaró NO HA LUGAR la *Moción sobre Ejecución de Sentencia.*

El 15 de marzo de 2018, el Tribunal de Apelaciones revocó al TPI en el KLCE201800171, porque concluyó que la retención de la participación del recurrido constituyó un embargo en aseguramiento de sentencia que no cumplió con la Regla 56.1 de Procedimiento Civil. El caso fue devuelto al TPI para que analizara la procedencia del embargo conforme a la regla citada.

El recurrido solicitó por segunda ocasión la ejecución de la sentencia y el desembolso de los fondos. El señor Joglar Castillo

---

[1] Véase KLAN201400895, KLAN201401266.

alegó que el Tribunal de Apelaciones reafirmó la validez de la sentencia que ordenó la liquidación de su participación y la ilegalidad de la retención. Además, solicitó el embargo en aseguramiento del pago de intereses pre y post sentencia.

El 7 de noviembre de 2018, el TPI dictó una Sentencia Parcial en la que desestimó las reconvenciones y una Resolución en la que declaró No Ha Lugar la solicitud de intereses pre y post sentencia. El TPI concluyó que Joglar Castillo no tenía ese derecho, porque la sentencia que dictó el Tribunal de Apelaciones el 30 de junio de 2015, no ordenó el pago de una suma líquida, vencida y exigible. El foro primario resolvió que no podía hacer una determinación de temeridad, porque existía controversia sobre la cantidad final adeudada.

El 13 de febrero de 2019, el TPI ordenó el desembolso de los fondos al recurrido, pero denegó el pago de intereses pre y post sentencia.

El 18 de diciembre de 2020, el Tribunal de Apelaciones revocó al TPI en el KLAN201900298 y reconoció el derecho del recurrido a recibir el pago de intereses pre-sentencia y honorarios de abogado, a partir de su renuncia el 11 de marzo de 2013. No obstante, confirmó que el recurrido no tenía derecho a cobrar intereses post sentencia, debido a que el dinero estuvo consignado desde el 28 de mayo de 2014 y el tribunal ordenó el desembolso al poco tiempo de desestimadas las reconvenciones.

AWCI solicitó el desembolso de los fondos y alegó que los intereses pre-sentencia debían computarse hasta la notificación de la sentencia en la que el Tribunal de Apelaciones reconoció el derecho del recurrido a la liquidación de su participación. La decisión aludida se notificó el 13 de julio de 2015. La compañía adujo que el interés aplicable a esa fecha era el 4.25% y que la cantidad adeudada era $98,892.04.

El recurrido se opuso al desembolso de fondos a la peticionaria. Además, solicitó el pago de intereses pre-sentencia y honorarios hasta la sentencia del 19 de febrero de 2019. El señor Joglar Castillo alegó que, esa sentencia formaba parte de la resolución del 13 de febrero de 2019, que ordenó el pago a su favor de $994,506.02. El recurrido reclamó el pago de $369,533.92 de intereses pre-sentencia, porque a esa fecha el interés aplicable era el 6.25%. Por otro lado, reclamó una suma razonable de honorarios no inferior a $160,000.00. El recurrido arguyó que el grado de temeridad de los peticionarios fue muy alto y lo obligaron a desplegar una gran inversión de tiempo y recursos.

La peticionaria reiteró que los intereses pre-sentencia debían computarse hasta el 30 de junio de 2015 y que el interés vigente a esa fecha era el 4.25%. No obstante, negó la temeridad, se opuso a la cantidad de honorarios que reclamó el recurrido y alegó que, en todo caso, no debía ser más de $2,000.00. Por último, argumentó que el recurrido no presentó copia del contrato de servicios que suscribió con su abogado, ni un memorando con el desglose de los servicios profesionales.

Ambas partes presentaron escritos en apoyo a sus respectivas alegaciones y para refutar a la parte contraria.

El TPI rechazó las fechas propuestas por las partes para computar los intereses pre-sentencia, porque en ninguna se ordenó el pago de una suma determinada. El foro recurrido no estuvo de acuerdo con la fecha de 19 de febrero de 2019, porque la sentencia que se dictó ese día tuvo el objetivo de terminar el caso y no era necesaria para solicitar revisión de la cuantía concedida. Igualmente expresó su desacuerdo con la fecha de 30 de junio de 2015, que propuso la peticionaria, porque dicha parte continuó negándose a hacer el desembolso, luego de esa decisión.

El foro primario calculó los intereses pre-sentencia, a partir del 11 de marzo de 2013, según lo dispuso por el Tribunal de Apelaciones y hasta el 13 de febrero de 2019, cuando se ordenó el desembolso de $994,506.02 al recurrido. El TPI rechazó interpretar literalmente la Regla 44.3(b) de Procedimiento Civil, 32 LPRA Ap. V, en la que el legislador dispuso que los intereses pre-sentencia se computan hasta la fecha de dictada la sentencia. Aunque reconoció que el 13 de febrero de 2019 el tribunal dictó una resolución, concluyó que lo importante es que dio a conocer la cuantía del principal a satisfacer. Por eso no le pareció importante si la decisión se tomó en una sentencia o en una resolución. El TPI concluyó que el derecho del recurrido a recibir la liquidación se resolvió en la sentencia que el Tribunal de Apelaciones dictó el 30 de junio de 2015.[2] No obstante, concluyó que la cuantía se determinó el 13 de febrero de 2019 y resolvió que la parte peticionaria debía pagar al recurrido $368,512.18 por concepto de intereses pre-sentencia.

Por otro lado, el TPI acogió como razonable la cantidad de $160,000.00 que el recurrido reclamó por honorarios de abogado. El tribunal fundamentó la decisión en el contrato de servicios profesionales del recurrido y su abogado y en varios factores que no especificó. Al foro primario le pareció irrazonable, injustificada y temeraria la cantidad de $2,000.00 propuesta por los peticionarios. El TPI hizo hincapié en que la parte peticionaria lo dejó desprovisto de factores para ajustar la cantidad que reclamó el recurrido y para determinar que la temeridad culminó con la sentencia del 30 de mayo de 2015. Por el contrario, concluyó que la temeridad de la peticionaria se configuró porque siempre alegó que la sentencia del 30 de mayo de 2015 no era ejecutable y ahora cambia de opinión

---

[2] Véase KLAN201400895, KLAN201401266.

con la intención de reducir la cuantía de honorarios e intereses pre-sentencia.

El 16 de agosto de 2022, el TPI dictó la resolución recurrida en la que declaró HA LUGAR la *Solicitud de orden de pago de intereses pre-sentencia y honorarios de abogado* y ordenó a los peticionarios a satisfacer solidariamente al demandante la cantidad de $528,512.18, desprendiéndose de ahí: (1) $368,512.18 por los intereses pre-sentencia y (2) $160,000.00 por los honorarios de abogado.

Luego de varios trámites procesales, que no son necesarios pormenorizar, el 16 de agosto de 2022 dictó una Resolución de Fijación de Cuantía interés pre-sentencia y honorarios de abogado. El 26 de agosto de 2022, el peticionario recurrió nuevamente a este Tribunal cuestionando la cuantía de los honorarios.[3] Oportunamente, el Sr. Joglar Castillo presentó su oposición al recurso. Este Foro expidió el recurso y modificó la resolución recurrida. En esa sentencia, este Tribunal determinó que la temeridad había sido resuelta en una sentencia previa de este Tribunal que **advino final y firme**.

Acaecidos múltiples asuntos procesales, que no son necesarios discutir en lo que nos ocupa, el 26 de septiembre de 2023, el TPI dictó la resolución recurrida, cumpliendo con las órdenes que emitió este Foro para que incluyera el análisis requerido para satisfacer la cuantía como una razonable. Aun inconforme, la parte peticionaria presenta este recurso y destaca los mismos señalamientos de error del recurso anterior:[4]

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL IMPONER UNA CUANTÍA EN HONORARIOS DE ABOGADOS DE CARÁCTER PUNITIVO, CONTRARIO A LA NORMATIVA APLICABLE EN HONORARIOS DE ABOGADOS.

---

[3] Véase KLCE20220941.
[4] Id.

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL IMPONER EL PAGO DE INTERESES PRE-SENTENCIA DE LOS HONORARIOS "REALMENTE INCURRIDOS" POR EL RECURRIDO, IGNORANDO LA NORMATIVA APLICABLE PARA ELLO.

Con la comparecencia de ambas partes, procedemos a resolver.

## II.

### A. El Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. 32 LPRA sec. 3491; *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023); *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174 (2020); *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019). Aunque la característica principal del recurso reside en el carácter discrecional del mismo, tal determinación no es irrestricta, está sujeta a los criterios señalados en la Regla 52.1 de Procedimiento Civil. Advertimos que esta Regla ha sufrido modificaciones a través del tiempo para expandir el marco discrecional que ostentan los foros revisores en la expedición del recurso.

En la actualidad, la Regla 52.1 de Procedimiento Civil específicamente dispone que el recurso de *certiorari* solamente será expedido:

> [p]ara revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.

> No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos

o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

32 LPRA Ap. V, R. 52.1.

Superado el análisis al amparo de la Regla 52.1 de Procedimiento Civil, *supra,* el foro apelativo deberá auscultar los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones para guiar su discreción al intervenir con la resolución u orden interlocutoria recurrida. La Regla 40 dispone:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### B. Deferencia Judicial

La discreción de los tribunales de justicia se define como la facultad para resolver de una forma u otra, o de escoger entre varios cursos de acción. *Citibank NA v. Cordero Badillo,* 200 DPR 724, 735 (2018). No obstante, la amplia discreción que se reconoce a las determinaciones del Tribunal de Primera Instancia no es absoluta. El ejercicio adecuado de esa discreción está atado al concepto de la razonabilidad. La discreción judicial se nutre de un juicio racional y no puede ejercerse al antojo y sin limitaciones. *SLG Zapata Rivera v. JF Montalvo,* 189 DPR 414, 435 (2013).

Nuestro esquema probatorio otorga gran deferencia a las determinaciones de hecho, la apreciación de la prueba testifical y las adjudicaciones de credibilidad que realiza el juzgador del foro primario. Como norma general, los tribunales apelativos no intervenimos con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realiza ese foro. Tal deferencia obedece a que es el TPI el foro que mejor conoce las particularidades del caso, tiene el contacto con los litigantes y examina la prueba presentada por estos. *Citibank NA v. Cordero Badillo, supra,* págs. 735-736. Por eso, el foro de instancia es el que está en mejor posición para tomar las medidas para cimentar el curso a trazar en el caso hasta su disposición final. *IG Builders et al v. BBVAPR,* 185 DPR 288, 307 (2012).

Los tribunales revisores únicamente podremos sustituir el criterio del foro primario por el nuestro, en circunstancias extraordinarias en las que se pruebe que actuó con pasión, prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto o de derecho. *Citibank NA v. Cordero Badillo, supra,* pág. 736.

Un tribunal incurre en abuso de discreción, cuando el juez ignora sin fundamento algún hecho material, le concedió demasiado

peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable. *Citibank NA v. Cordero Badillo,* supra, pág. 736; *Pueblo v. Custodio Colón,* 192 DPR 567, 589 (2015).

## C. Honorarios de Abogados y Temeridad

Los tribunales tienen el deber de imponer el pago de honorarios al abogado a cualquier parte o abogado que haya actuado de forma frívola o temeraria. El tribunal adjudicará en la sentencia la suma que entiende corresponde a esa conducta. Regla 44.1(d) de las de Procedimiento Civil, 32 LPRA Ap. V. R 44.1(d)

El concepto de temeridad es amplio. Un litigante es temerario cuando sus actuaciones ocasionan un pleito que pudo evitarse, provoca la prolongación indebida del trámite judicial u obliga a la otra parte a incurrir en gastos innecesarios para hacer valer sus derechos. La temeridad también es la conducta asumida por un litigante perdidoso que por su terquedad, testarudez, obstinación, contumacia, empecinamiento e insistencia en una actitud desprovista de fundamentos obliga a otra parte a asumir innecesariamente las molestias, gastos e inconvenientes de un pleito. *SLG González Ramos-Figueroa Colón v. SLG Pacheco Romero-Fulana de tal,* 209 DPR 138, 148-149 (2022); *Fernández v. San Juan Cement Co., Inc.,* 118 DPR 713, 717-719 (1987).

El tribunal tiene que calcular la cuantía de los honorarios por temeridad a base de los factores siguientes: **(1) el grado de temeridad, (2) el trabajo realizado, (3) la duración y naturaleza del litigio, (4) la cuantía involucrada y (5) el nivel profesional de los abogados.** *COPR v. SPU,* 181 DPR 299, 342-343 (2011). La cantidad concedida por los honorarios de abogados no equivale necesariamente al valor de los servicios legales prestados o pagados. Dicha cantidad es la suma que el tribunal estima que representa

**razonablemente** el valor de esos servicios, tomando en consideración el grado de temeridad y demás circunstancias del caso. *Santos Bermúdez v. Texaco PR Inc.*, 123 DPR 351, 357 (1989); *Domínguez v. Fabián,* 37 DPR 667 (1928). (Énfasis nuestro).

El Tribunal Supremo de Puerto Rico estableció en *López Vicil v. ITT Intermedia, Inc.,* 143 DPR 574, 583-584 (1997), los criterios para imponer honorarios de abogado a favor del empleado victorioso en reclamos al amparo de la Ley 100 de 30 de junio de 1950. Cuando el abogado del obrero victorioso entiende que se justifica recibir una cuantía mayor de honorarios, puede solicitar el visto bueno del tribunal para cobrar sus servicios, a base de horas trabajadas. El abogado estará obligado a presentar un memorando juramentado en el que detalle las horas trabajadas y la tarifa que habrá de cobrar por hora. El tribunal evaluará la procedencia de la solicitud, conforme al criterio de la razonabilidad. **Los tribunales tienen discreción para aceptar o modificar la suma de honorarios reclamada en el memorando, pero siempre deberá consignar por escrito sus razones para llegar a determinada suma**. **A su vez, los tribunales apelativos no intervendrán con la determinación de honorarios del Tribunal de Primera Instancia excepto en casos de abuso de discreción.** (Énfasis suplido).

La Regla 44.3 de las de Procedimiento Civil, 32 LPRA Ap. V, R44.3 (b), reconoce la procedencia de los intereses pre-sentencia o intereses por temeridad. Únicamente se conceden en los casos de cobro de dinero y daños y perjuicios y están sujetos a que la parte perdidosa haya sido temeraria en la tramitación de un pleito. Los intereses pre-sentencia solo proceden sobre la cuantía de la sentencia, sin incluir las costas y honorarios de abogado. *SLG González Ramos-Figueroa Colón v. SLG Pacheco Romero-Fulana de tal, supra,* pág. 146.

El inciso (b) de la regla citada dispone lo siguiente:

(b) El tribunal también impondrá a la parte que haya procedido con temeridad el pago de interés al tipo que haya fijado la Junta en virtud del inciso (a) de esta regla y que este en vigor al momento de dictarse la sentencia desde que haya surgido la causa de acción en todo caso de cobro de dinero y desde la presentación de la demanda en caso de daños y perjuicios, y hasta la fecha en que se dicte sentencia a computarse sobre la cuantía de la sentencia, excepto cuando la parte demandada sea el Estado Libre Asociado, sus municipios, agencias, instrumentalidades o funcionarios(as) en su carácter personal. El tipo de interés se hará constar en la sentencia.

El Tribunal Supremo de Puerto Rico ha sido consistente en que la temeridad requerida para imponer intereses pre-sentencia es la misma que acarrea el pago de honorarios de abogado, debido a que persiguen el mismo propósito. Los objetivos de ambas sanciones son disuadir la litigación frívola, compensar en lo posible los gastos incurridos por la parte que no ha sido temeraria y fomentar las transacciones en los pleitos. **Una vez que el tribunal determina la temeridad, está obligado a imponer el pago de honorarios de abogado e intereses a la parte que incurrió en esa conducta**. Los honorarios de abogado proceden en todo tipo de caso. Los intereses pre-sentencia solo proceden en los casos de daños y cobro de dinero. *SLG González Ramos-Figueroa Colón v. SLG Pacheco Romero-Fulana de tal, supra.* (Énfasis suplido). (Escolios omitidos).

La imposición de honorarios de abogado e intereses pre-sentencia a la parte temeraria descansa en la sana discreción del foro primario. *SLG González Ramos y Figueroa Colón v. SLG Pacheco Romero Fulana de tal,* supra, pág. 150. Por esa razón, solo puede variarse en apelación si se demuestra que abusó de su discreción. *Íd.*

Por otro lado, no debemos perder de perspectiva, que los criterios establecidos en *COPR v. SPU, supra,* son cónsonos con el Canon 24 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 24. El Canon 24 regula la Fijación de Honorarios, a saber:

La fijación de honorarios profesionales debe regirse siempre por el principio de que nuestra profesión es una parte integrante de la administración de la justicia y no un mero negocio con fines de lucro. Al fijar el valor de los honorarios, deben considerarse los siguientes factores:

**(1) el tiempo y trabajo requeridos, la novedad y dificultad de las cuestiones envueltas y la habilidad que requiere conducir propiamente el caso;**
(2) si el aceptar la representación del caso en cuestión ha de impedir al abogado que se haga cargo de otros casos que probablemente han de surgir del mismo asunto, y en los cuales existe una razonable expectativa de que de lo contrario sus servicios serán solicitados o que tal representación implique la pérdida de otros asuntos extraños al caso en cuestión o el antagonismo con otros clientes;
**(3) los honorarios que acostumbradamente se cobran en el distrito judicial por servicios similares;**
**(4) la cuantía envuelta en el litigio y los beneficios que ha de derivar el cliente de los servicios del abogado;**
**(5) la contingencia o certeza de la compensación; y**
**(6) la naturaleza de la gestión profesional, si es puramente casual o para un cliente constante.**
[…]

### III.

En el presente caso, la parte peticionaria alega incorrectamente que el TPI abusó de su discreción, porque ordenó el pago de $160,000.00 de honorarios de abogado, de manera punitiva, contrario a la normativa aplicable. Aduce, además, que el TPI impuso una cuantía "representativa" ignorando la normativa para ello. Por estar estrechamente relacionados los señalamientos de los errores, discutiremos los mismos en conjunto.

En un recurso anterior, presentado ante este foro, declaramos que: "[la] cuantía impuesta es irrazonable y contraria a derecho, debido a que el TPI no siguió las directrices establecidas por el Tribunal Supremo de Puerto Rico para calcular la cuantía de honorarios por temeridad. **El foro primario no incluyó un análisis del grado de temeridad, el trabajo realizado, la duración y naturaleza del litigio, la cuantía involucrada y el nivel**

**profesional de los abogados**".[5] Emitido el dictamen previamente mencionado, el foro de instancia emitió una Resolución sobre honorarios de abogados por temeridad.[6]

Desglosados los criterios establecidos por la jurisprudencia interpretativa y los que incumben a los profesionales del derecho emitidos en los cánones de ética, el foro a *quo* incluyó en su análisis ciertos factores que es menester destacar: este caso se radicó el 14 de abril de 2013,[7] es decir, se ha prolongado por un período de diez (10) años y refleja aproximadamente 312 entradas en el Sistema TRIB.[8] Actualmente la magistrada que preside los procedimientos, comenzó los mismos en su etapa post-sentencia, propiamente en el 2021, es decir, este valor de honorarios no lo fijó ella. La temeridad de ambos quedó evidenciada y adjudicada por este Tribunal de Apelaciones en una sentencia que es final y firme, que data del año 2015, no es permisible que quieran re-litigar un asunto resuelto.[9] De la misma manera, el peticionario de este caso ha radicado múltiples recursos a nivel apelativo, incluyendo una petición de *certiorari* que fue declarada No Ha Lugar por el Tribunal Supremo de Puerto Rico.[10] La cuantía de honorarios impuesta por el TPI se desprende de la reclamada que asciende a unos $994,506.02.

El TPI realiza un análisis comparativo entre los porcentajes que se utilizan a pagar entre las reclamaciones laborales, donde utilizan un 25% para la imposición base. De manera que, si el foro primario hubiera utilizado dicho porcentaje, o inclusive el utilizado para casos de daños y perjuicios y cobro de dinero, para adjudicar

---

[5] Véase, KLCE20220941.
[6] Véase, Apéndice 58, pág. 542-546.
[7] Véase, Apéndice 1, pág. 1-23.
[8] Registro de transacciones para tribunales, Sistema TRIB.
[9] Véase, KLAN201400895, KLAN201401266.
[10] Véase, Apéndice 6, págs. 48-60, KLAN201400895, KLAN201401266; Apéndice 12, págs.123-131, KLCE201800171; Apéndice 23, págs. 185-203, KLAN 201900298; Apéndice 29, págs. 250-282; págs. 386-399, KLCE202200941; Apéndice 45, págs. 410-411, KLCE202200941; Apéndice 48, págs. 460-461, CC-2023-074.

los honorarios por temeridad, ciertamente serían superiores a la cuantía que la parte peticionaria está impugnando en este recurso.

Este litigio se ha prolongado innecesariamente por la temeridad con la que ha actuado la parte demandada. Este razonamiento ha sido expresado en varias ocasiones por este Tribunal. **Recordemos que los honorarios concedidos y la temeridad que se ha determinado <u>son para el cliente</u>, es decir, para ser adjudicados en este caso a la parte demandante, no a su representación legal**. Tal menester es destacado por los Cánones de Ética, *supra*, las Reglas de Procedimiento Civil, *supra*, y la jurisprudencia interpretativa del Tribunal Supremo de Puerto Rico

Concluimos que ambos peticionarios responden solidariamente por el pago de los intereses pre-sentencia y los honorarios de abogado, porque su temeridad quedó evidenciada y se adjudicó en una sentencia que es final y firme. Toda vez que el TPI fundamentó su resolución acorde al mandato emitido previamente por este Foro, no se cometieron los señalamientos de errores señalados por el peticionario.

No observamos de la Resolución recurrida algún indicio de pasión, prejuicio o parcialidad, abuso de discreción o error manifiesto en la aplicación del derecho. Según el mandato previo de este Tribunal, el foro primario aplicó los criterios reconocidos en el ordenamiento legal llegando a una conclusión conforme a derecho.

**IV.**

Por los fundamentos antes expuestos se expide el auto y se confirma la sentencia recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones